McMAHON *v.* SPITZER.

(Decided May 21, 1928.)

*Messrs. Tyler, McMahon, Smith & Wilson,* for appellant.

*Messrs. Seeley & Wolfe* and *Mr. Ralph Emery,* for appellee.

RICHARDS, J. This action is one brought for specific performance, and resulted in a decree for the defendant, Adelbert L. Spitzer, from which the plaintiff, James T. McMahon, has taken an appeal to this court.

In August, 1927, the plaintiff was the owner of a portion of lots numbered 56 and 57 in the city of Toledo, lying east of the Maumee river, and he placed the property for sale with a realty company in that city. About August 20, 1927, Milton J. Kane, a representative of that company, called on the defendant and offered to sell him the lots at the price of $30,000. They had some discussion regarding the property, and late in August went over to East Toledo and examined it. After their return the defendant wrote a letter, dated August 31, 1927, to the real estate company having the lots for sale, making an offer of $27,000 therefor, the letter being as follows:

"Gentlemen: I have been talking with your representative about buying a lot at the corner of Starr avenue and Platt street, East Toledo.

"This lot is now occupied by the Johnson Oil & Refining Company, and he tells me that they have a ten-year lease on this lot for which they are to pay $159.17 per month for the first five years, $164.17 per month for the next two years and $174.17 per month for the next three years. He tells me further that the taxes on this property for the last year have been only $200.00, and on the strength of this, I will give $27,000.00 cash when an abstract is furnished me, showing the property is clear and free from all incumbrances. The abstract

to be entirely satisfactory to my attorneys, showing a clear and undisputed title.

"This offer is good until 12 o'clock noon, Saturday, September 3, 1927.

"The lease is to be also approved by my attorneys and in accordance with the above statement.

"Respectfully yours,            A. L. Spitzer."

The proposition as made by the defendant was accepted in writing on September 1, 1927, by the plaintiff, upon the terms stated in the written offer. On September 2, 1927, the defendant wrote to the realty company, declining to complete the purchase, his letter being in the language following:

"Dear Sirs: I am writing to confirm the conversation I just had with your representative in regard to the lot at Starr avenue and Platt street which I have been contemplating purchasing.

"You will remember that I made my offer on this lot with the distinct understanding that the Johnson Oil & Refining Company were paying $159.17 as rental per month for the first five years and $164.17 per month for the next two years and $174.17 per month for the last three years. I now find that the lease which you submitted to me shows that they are only paying $125.00 rental per month for the first five years and $140.00 per month for the next two years and $150.00 per month for the last three years, and I therefore would not care to buy the property at the price which we agreed upon.

"The papers which you left with me and my attorney I will hold subject to your order.

"Yours very truly,            A. L. Spitzer."

It appears from the evidence in this case that the lots were leased as vacant property in March, 1927,

to the Johnson Oil & Refining Company, for the term of ten years at a rental of $135 per month, payable monthly in advance during the first five years of term, $140 per month during the sixth and seventh years of the term, and $150 per month during the last three years of the term. By a rider attached to the lease the lessor agreed to expend not exceeding $3,500 for improvements upon the premises at the direction of the lessee, in consideration of which the lessee was to pay the lessor, in addition to the rental named in the lease, interest upon the amount expended on improvements, at the rate of 8 per cent. per annum, payable monthly. Under the terms of the rider so attached to the lease, a gas filling station was erected on the lots, and completed prior to the time the defendant and the real estate agent went over to view the property.

The defendant contends that the lots were represented to him by the plaintiff's agent to be vacant property and to be under lease to the Johnson Oil & Refining Company for a ten-year period at the rental recited in his offer of August 31, and that the rental was for the lots only, and no part was for any building or structure thereon, and that he relied upon these representations, and made his offer of $27,000 for the property by reason thereof. The plaintiff denies that any such representations were made by his agent.

The evidence has had the careful consideration of this court and from this evidence the court is convinced that the property was represented to the defendant by plaintiff's agent to be vacant and that the amount represented by him to defendant as rental was not the rent named in the lease, but was that

rent, plus 8 per cent. interest on the amount advanced by plaintiff for the purpose of erecting a gas filling station on the lots. Although the gas station had been erected before Kane and the defendant inspected the property, the former expressed surprise that they had it erected, and, when Spitzer inquired if the oil company had the right to remove it at the expiration of the lease, Kane replied that he did not know. The statements made by Kane and the circumstances show that the defendant believed and was justified in believing that the oil company had erected the station. The fact that a tenant is in possession of property offered for sale does not remove it from the realm of those things about which false representations may be made.

As appears from the written offer made by the defendant, the abstract was to be satisfactory to his attorneys and the lease was also to be approved by his attorneys. On or immediately after September 1, 1927, the papers were received by the attorney for the defendant and he objected to examining the abstract or opinion of title until it had been brought down to date, but called the attention of plaintiff's agent to the fact that the lease was not properly acknowledged by the Johnson Oil & Refining Company, and that he was not satisfied with the papers, in that the rental was specified in the lease and the provisions for interest at 8 per cent. on the improvements were attached as a rider thereto. Shortly thereafter the plaintiff procured a new lease with the Johnson Oil & Refining Company with a proper acknowledgment, and having the entire amounts to be paid stated in the lease as rent.

The attorney for the defendant advised him that

the lease was not in accordance with the contract between the parties, and as soon as the attorney procured a copy of the lease, and examined it in detail, he advised his client that under the lease he would have to assume all fire hazards of the building and make certain repairs, and if the building was knocked down, or burned down, or blown down, or damaged, he would have to repair it, and that under certain conditions if the building was not repaired in a certain time that fact would automatically cancel the lease. The lease itself contains a provision that, if the premises should be damaged by fire, flood, storm, or other causes, so as to be unfit for occupancy, the lessor should have the option of repairing the damage, if it could be repaired within 90 days, and that the rent should cease from the time of the occurrence of the damage and not be again payable until the repairs should be completed. It is true that the new lease procured by the plaintiff with the Johnson Oil & Refining Company was properly acknowledged, and had the entire payments inserted as rent, but this lease was not brought to the attention of the defendant until the 9th or 10th of September, 1927, long after the time when he had given notice of the repudiation of the contract, and the new lease contains the same provision imposing on the owner the responsibility of maintaining or reconstructing the building in case of destruction and that if this was not done the lease would terminate.

We think it clear from the evidence in this case that the defendant's offer of $27,000 was made by reason of representations of plaintiff's agent regarding the property and the lease thereon, and

these representations were not justified by the facts, and although the plaintiff did not himself have knowledge of such representations, yet, in seeking the benefit of the contract made by his agent, he is bound by the representations so made. *Mulvey* v. *King,* 39 Ohio St., 491.

The offer made by the defendant and accepted by the plaintiff included as one of its conditions a provision that the abstract should be to the satisfaction of defendant's attorneys, and that the lease should also have their approval. The attorneys, acting in good faith and on sufficient cause, declined to approve the abstract or opinion of title, and declined to approve the lease, and their decision was final.

For the reasons given, the petition will be dismissed and a decree entered for the defendant.

*Petition dismissed and decree for defendant.*

WILLIAMS and LLOYD, JJ., concur.